CARLTON, Justice.
By petition for writ of certiorari, we are again asked to review a decision of the Industrial Relations Commission relating to this cause. This case began in July 1963, when petitioner sustained a compensable injury to his back. Petitioner was released for work again in August of 1963, but he was periodically visited by recurrences of the effects of his accident, and this situation culminated in a hearing for determination of benefits in June 1966.
The hearing resulted in a Compensation Order which declared that petitioner had received proper compensation for all periods excepting temporary total disability benefits due him for the period from June 22, 1965 to July 15, 1965. This decision was appealed by respondents, employer and carrier to the Full Commission. That body affirmed the Order, and respondents filed a petition for review in this Court which was denied in June 1968. Orange County Board of County Commissioners v. Bays, 211 So.2d 7 (Fla.1968).
In July 1968 petitioner filed another claim for temporary total disability benefits for the two-year period of time elapsing between June 16, 1966 and the time when respondent’s writ was denied in this Court. The theory behind this second claim was based on the fact that in the initial Order the Judge found: “That as a result of said industrial accident, the claimant is suffering severe discomfort to his low back and is in need of additional remedial care, treatment and attendance.” The Judge then ordered that respondents “Provide claimant with the necessary remedial care, treatment and attendance as recommended [by a particular physician].” Petitioner maintained that his disability continued unabated during the appeal time and that he was, therefore, entitled to additional compensation. Petitioner remained substantially unemployed during this two-year period.
Shortly before the hearing on this second claim, petitioner submitted to a physical examination performed by the same physician who had been last to see him prior to the initial hearing. The physician found petitioner to be disabled just as he had found petitioner to be disabled prior to the first hearing. When asked if he thought petitioner’s disabled condition was continuous during the interim between examinations, the physician responded: “It’s my opinion that he probably was, but I don’t know.” But then, in response to a hypothetical question constructed around the facts as related by petitioner, the physician stated that it was his opinion based upon reasonable medical probability that petitioner probably was continually temporarily and totally disabled during that period of time.
Petitioner and his wife testified at the second hearing that he had never reached recovery, that his back bothered him all the time, that he regularly took medication for back pain, and that all of these things in combination had prevented him from seeking employment. In response to the interesting question of why he had not sought further treatment, petitioner said that he felt that the respondents would have refused allowance for further treatment until termination of the appeal process, and furthermore, that he could not afford treatment on his own.
Respondents resisted the claim with a three-pronged defense: (1) that medical proof was uncertain especially since petitioner declined to seek any treatment during the time when he asserted that he was in pain and disabled; (2) that petitioner had involved himself in activities which were inconsistent with his alleged disability (sporadic hunting and fishing; driving a car); (3) that petitioner had not sought *393 employment perhaps because he did not want to give up social security.
The Judge of Industrial Claims entered an Order finding that petitioner could show disability only from July 10, 1968, the date of the physical examination given shortly before the second hearing, and not for the two-year period in question. The other findings made by the Judge are not pertinent here. Upon petitioner’s appeal, the Full Commission approved this aspect of the Judge’s Order.
We must reverse. The question here is simply one of competent, substantial evidence. Let us compare the evidence advanced at the second hearing. In behalf of petitioner we have the following: (1) It was admitted that petitioner was periodically disabled up until the date of the first hearing; (2) The Judge found at the first hearing that petitioner continued to be in need of treatment; (3) Petitioner and his wife testified that this disability continued unabated during the period in question; (4) They testified that petitioner needed medication during this period; (5) They testified that petitioner was unable to seek employment on a continuing basis because of his disability; (6) The physician who found him to be disabled before the first hearing also found him to be disabled before the second hearing; (7) This physician testified, in response to a hypothetical question, that if what petitioner said was true, then he probably was disabled continuously.
In opposition to petitioner, it was argued: (1) That petitioner had failed to seek medical treatment during the period in question; (2) That petitioner had engaged in occasional hunting, fishing and driving during the period in question; (3) That petitioner had failed to seek any employment during this period.
We do not deny that what was said in opposition to petitioner’s claims casts a poor light on petitioner’s entitlement to what he seeks. But what was said does not diminish the evidence advanced in petitioner’s behalf so much so that it is denied the quality of being substantial and competent. In another case these defenses might well be fatal to an asserted claim, but not in this case. Furthermore, the defenses themselves do not meet the test of being substantial, competent evidence. They are inferences which fall short of the test when applied to this case, especially in light of the evidence advanced in petitioner’s behalf.
For the foregoing reasons we reverse that part of the decision of the Full Commission pertaining to petitioner’s claim for disability during the period in question with directions that the case be remanded to the Judge of Industral Claims for further consideration consistent with this opinion; in all other aspects the decision of the Full Commission is affirmed.
Attorneys’ fees are granted petitioner in the amount of $350.00.
It is so ordered.
ERVIN, C. J., BOYD, J., and HEN-DRY, District Court Judge, concur.
DREW, J., dissents with opinion.